1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

4

5

6

7

8

9

ANGELA ZIVE, *et al.*,

Plaintiffs,

v.

GEICO ADVANTAGE INSURANCE
COMPANY,

Defendant.

Case No. 3:24-CV-00424-ART-CLB

**ORDER GRANTING MOTION TO STAY
DISCOVERY ON EXTRA-
CONTRACTUAL CLAIMS AND DENYING
MOTION REGARDING DISCOVERY
DISPUTE**

[ECF Nos. 14, 15]

10

11

12

13

14

15

16

17

Currently pending before the Court are two motions. First, Plaintiffs Angela Zive and Justin Zive (collectively referred to as "Plaintiffs") filed a motion regarding discovery dispute. (ECF No. 14.) Defendant GEICO Advantage Insurance Company's ("GEICO") responded to the motion. (ECF No. 17.) Second, is GEICO's motion to stay discovery. (ECF No. 15.) Plaintiffs responded, (ECF No. 19), and GEICO replied, (ECF No. 23).[1] The Court has reviewed the relevant pleadings and papers, and, for the reasons set for below, denies Plaintiffs' motion regarding discovery dispute, and grants GEICO's motion to stay discovery.

18

19

20

21

22

To determine if a stay is appropriate pending the ruling on a motion to dismiss, a court must consider the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2] The Court

23

24

25

26

27

28

[1]    GEICO's original motion to stay discovery asked to stay all discovery in this case (ECF No. 15), however, in GEICO's reply, the request was narrowed to only a stay of discovery as to the extra-contractual causes of action, which are at issue in the motion to dismiss, (ECF No. 23).

[2]    The undersigned follows the majority approach within the District when adjudicating motions to stay discovery—i.e., the preliminary peek framework outlined in *Kor Media*—and expressly adopts the analysis from Judge Koppe's recent order in *Flynn v. Nevada*, 345 F.R.D. 338 (D. Nev. 2024), which rejects the minority "good cause" approach.

must take a "preliminary peek" at the merits of the underlying dispositive motion in order to find whether the plaintiff can state a claim. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.*

In conducting its review, the Court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

Having reviewed all the factors set forth above and after conducting a "preliminary peek" of the underlying motion, the Court finds that a stay on extra-contractual issues pending resolution of the motion to dismiss, is appropriate in this case. Accordingly, GEICO's motion to stay discovery, (ECF No. 15), is **GRANTED**. Discovery is stayed only with respect to extra-contractual issues and discovery will otherwise proceed. *Cf. Tradebay*, 278 F.R.D. at 602 (limited stays of discovery are proper where the pending motion is "at least dispositive on the issue on which discovery is sought"). In the event resolution of the motion to dismiss does not result in dismissal of the extra-contractual claims, the parties shall submit an amended joint proposed discovery plan within 14 days of resolution of that motion.

Finally, in light of the limited stay of discovery, Plaintiffs' motion regarding discovery dispute, (ECF No. 14), is **DENIED**.

**IT IS SO ORDERED**.

**DATED**: January 16, 2025

**UNITED STATES MAGISTRATE JUDGE**