**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ANGELA ZIVE and JUSTIN ZIVE,

Plaintiffs,

v.

GEICO ADVANTAGE INSURANCE CO.*,*

Defendant.

Case No. 3:24-CV-00424-ART-CLB

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION REGARDING DISCOVERY DISPUTE**

[ECF No. 68]

Before the Court is Plaintiffs Angela and Justin Zive's (collectively referred to as "Zive") motion regarding discovery dispute. (ECF No. 68.) Defendant Geico Advantage Insurance Co. ("Geico") responded, (ECF No. 69), and Zive replied.[1] (ECF No. 70.) For the reasons stated below, Zive's motion regarding discovery dispute is granted in part and denied in part.

## I.    BACKGROUND

This case arises from Geico's denial of an insurance claim filed by Zive. (*See* ECF Nos. 1, 1-1.) Zive purchased an insurance policy from Geico to insure a 2020 Logan UBH16GNLQ trailer ("Trailer"). (ECF No. 1-1 at 4; ECF No. 5 at 1-2.) Zive alleges the Trailer suffered water damage due to a negligently applied roof seal. (ECF No. 1-1 at 5.) Zive reported the water damage to Geico on or about May 18, 2023. (*Id.*) After an investigation, Geico described the loss as "Complete Water Damage" and "Water Damage, Leak – Roof Seal Breakdown." (*Id.*) The claim for the Trailer was ultimately denied, and Geico sent a denial letter on March 14, 2024, which stated, "the damage to the [Trailer] was deemed to be mechanical failure and would not be considered a covered loss." (ECF No. 69-1 at 2.) The letter then cited the following provision of Zive's insurance policy: "4. There is no coverage for loss caused by and limited to wear and tear, freezing,

---

[1]    The Court's informal discovery procedure does not permit the filing of a reply brief. (*See* ECF No. 11 at 5-6.) However, despite this prohibition, the Court considered the arguments raised in Zive's reply.

mechanical or electrical breakdown or failure, unless that damage results from a covered theft." (*Id.* at 3.)

Based on the denial of the Trailer's insurance claim, Zive filed suit. (*See* ECF Nos. 1, 1-1.) The complaint alleges three causes of action: (1) breach of insurance contract; (2) breach of the duty of good faith and fair dealing; and (3) statutory bad faith in violation of NRS 686A.310, Nevada's Unfair Trade Practices statute. (ECF No. 1 at 3; ECF No. 1-1 at 7-11.)

On January 12, 2026, in accordance with the Court's discovery dispute process, Zive filed a motion regarding discovery dispute based on Geico's objections to three requests for production ("RFPs") propounded by Zive. (ECF No. 68.) The three RFPs seek all claim denial letters from Geico in the state of Nevada from January 1, 2021, to the present that cite the mechanical failure exclusion. (*Id.*) Zive seeks that Geico be compelled to produce documents responsive to all three RFPs. (*Id.*)

## II.    LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information must also be "proportional to the needs of the case" to fall within the scope of permissible discovery. *Id.* In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). District courts have broad discretion in determining relevancy for discovery

purposes. *Surfvivor Media, Inc. v. Survivor Productions,* 406 F.3d 625, 635 (9th Cir. 2005).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Williams v. Garrett*, No. 3:22-CV-00264-CLB, 2024 WL 1675445, at *1 (D. Nev. Apr. 18, 2024) (citing *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008)). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citations omitted).

RFPs are controlled by Federal Rule of Civil Procedure 34. Pursuant to the Rule, "[a] party may serve on any other party a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). In a motion to compel a response to a request for production, the moving party is required to make a "specific showing that the burdens of production would be minimal and that the requested documents would lead to relevant evidence." *Williams*, 2024 WL 1675445, at *1 (quoting *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (internal quotations omitted)).

///

3

**III.     DISCUSSION**

The Court will now turn to the discovery requests themselves. In this case, Geico provides identical objections to each RFP. The RFPs and the objection are as follows:

| | |
|---|---|
| **RFP No. 1** | From January 1, 2021, to the present, produce the denial letter(s) for each claim in the State of Nevada made on the same Policy form issued to Plaintiffs where YOUR denial letter cites to "4. There is no coverage for loss caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft" as an exclusion. (See Complaint at Paragraph 40). |
| **RFP No. 2** | From January 1, 2021, to the present, produce the denial letter(s) for each claim in the State of Nevada made on the same Policy form issued to Plaintiffs where YOU denied a claim in whole or part by citing and/or relying on the mechanical failure exclusion. (See Complaint at Paragraph 36). |
| **RFP No. 3** | From January 1, 2021, to the present, produce the denial letters for each claim in the State of Nevada made on the same Policy form issued to Plaintiffs where YOU deemed the loss to be a mechanical failure. (See Complaint at Paragraph 36). |
| **Objection** | GEICO objects to this request to the extent that it seeks information and/or documentation protected by attorney-client privilege and work product doctrine, and/or seeks information and/or documentation which is proprietary or confidential. GEICO further objects to this request as it seeks documentation that is neither relevant nor proportional to the needs of the case. This request is further overly broad and unduly burdensome as it would require GEICO to review every single claim individually, which would take hundreds if not thousands of hours. |

(ECF No. 68-1.)

The Court will first address Geico's objections relating to relevancy before addressing the remaining objections.

**1.     Relevancy**

The Court will first discuss the scope of the case before determining the relevancy of the requested discovery. As stated above, Zive asserts three causes of action: (1) breach of insurance contract; (2) breach of the duty of good faith and fair dealing; and (3) statutory bad faith in violation of NRS 686A.310, Nevada's Unfair Trade Practices statute. (ECF No. 1 at 3; ECF No. 1-1 at 7-11.)

First, as to the breach of contract claim, a plaintiff must show: (1) the existence of

a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007*); see also Bernard v. Rockhill Dev. Co*., 734 P.2d 1238, 1240 (Nev. 1987).

Next, Nevada law recognizes the existence of an implied covenant of good faith and fair dealing in every contract. *A.C. Pemberton v. Farmers Ins. Exch*., 858 P.2d 380, 382 (Nev. 1993) (citing *Shaw Construction v. Washoe County,* 784 P.2d 9, 10 (Nev. 1989); *Ainsworth v. Combined Ins.,* 763 P.2d 673, 676 (Nev. 1988)). An insurer fails to act in good faith when it refuses "without proper cause" to compensate the insured for a loss covered by the policy. *Id.* (citing *United States Fidelity & Guaranty Co. v. Peterson,* 540 P.2d 1070, 1071 (Nev. 1975)). Such conduct gives rise to a breach of the covenant of good faith and fair dealing. *Id.* This breach or failure to perform constitutes "bad faith" where the relationship between the parties is that of insurer and insured. *Id.* (citing *K Mart Corp. v. Ponsock,* 732 P.2d 1364 (Nev. 1987)). Nevada's definition of bad faith is: (1) an insurer's denial of (or refusal to pay) an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or awareness of the lack of any reasonable basis to deny coverage, or the insurer's reckless disregard as to the unreasonableness of the denial. *Shumacher v. State Farm Fire & Cas. Co.*, 467 F.Supp. 2d 1090, 1095 (D. Nev. 2006) (citations omitted). "[A]n honest mistake, bad judgment, or negligence" does not constitute bad faith in the context of the covenant of good faith and fair dealing. *Renown Health v. Holland & Hart, LLP*, 437 P.3d 1059, 2019 WL 1530161, at *2 (Nev. 2019) (citations omitted).

Finally, Zive brings a claim for violation of NRS 686A.310. In *Shumacher*, the Court explained the distinction between claims for bad faith and claims arising under NRS 686A.310:

> NRS 686A.310 and bad faith are not identical causes of action. *Pioneer Chlor Alkali Company, Inc. v. National Union Fire Insurance Company*, 863 F.Supp. 1237, 1244 (D. Nev. 1994); *see also Hart v. Prudential Property & Casualty Ins. Co*., 848 F.Supp. 900 (D. Nev. 1994). Bad faith and NRS 686A.310 involve different legal analyses, and a violation of a provision of

5

NRS 686A.310 is not per se an act of bad faith. *Id*. Bad faith involves something more than an unreasonable action, a negligent action, by the insurer. *Pioneer*, 863 F.Supp. at 1243. That is, bad faith does not directly address the manner in which an insurer processes a claim as does NRS 686A.310. *Id*. Bad faith exists where an insurer denies a claim without any reasonable basis and with knowledge that no reasonable basis exists to deny the claim. *Id*. In contrast, the provisions of NRS 686A.310 address the manner in which an insurer handles an insured's claim whether or not the claim is denied. *Id*.

467 F.Supp. 2d at 1095.

Geico first argues the denial letters are irrelevant because although Geico "pointed to mechanical breakdown or failure" in the denial letter, the letter cites to the entire exclusion and that the claim file materials show that Geico disclaimed coverage due to wear and tear. (ECF No. 69 at 2.) Pursuant to Nevada Administrative Code ("NAC") 686.675(1), "[n]o insurer may deny a claim on the grounds of a specific policy provision, condition or exclusion unless reference to that provision, condition or exclusion is included in the denial." As explained above, Geico's claim denial letter stated, "the damage to the [Trailer] was deemed to be mechanical failure and would not be considered a covered loss." (ECF No. 69-1 at 2.) The letter then cited a provision of the insurance policy stating: "4. There is no coverage for loss caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft." (*Id.* at 3.) Regardless of other documents contained in the claim file, a plain reading of the denial letter shows that the claim was denied because it was deemed a mechanical failure. As Zive argues in reply, Geico is thus asserting that the denial letter mistakenly asserted mechanical failure as the reason for denial, rather than the real reason of wear and tear, and therefore the documents sought in the RFPs are relevant for the purposes of rebutting the mistake argument. (ECF No. 70 at 5.)

In the context of the covenant of good faith and fair dealing, "an honest mistake" does not constitute bad faith. *Renown Health*, 437 P.3d 1059, 2019 WL 1530161, at *2 (Nev. 2019) (citations omitted). Thus, evidence showing other instances where Geico has denied other claims under the "mechanical failure" exclusion very much constitutes "any

matter that bears on, or that reasonably could lead to other matter that could bear on" Geico's mistake defense. *Oppenheimer Fund*, 437 U.S. at 351.

Geico next argues that the denial letters are not relevant because the issues in this case are limited solely to Geico's handling of Zive's claim. (ECF No. 69 at 3-4.) In *Phillips v. Clark Cnty. Sch. Dist.*, the Court considered whether discovery of information involving other claims should be allowed in a case where the plaintiff asserted claims for breach of contract, violation of the Nevada Unfair Claims Practices Act, NRS 686A.310(2), breach of the covenant of good faith and fair dealing, and unconscionability. No. 2:10-CV-02068-GMN, 2012 WL 135705, at *5 (D. Nev. Jan. 18, 2012). In *Phillips*, the party opposing discovery argued that "because Plaintiff has moved for summary judgment on the grounds that the policy language is unambiguous, he should be barred from pursuing discovery on the issue of policy ambiguity." *Id.* at *4. In this case, Geico similarly argues that the issues "do not require an inquiry into the ambiguity of the policy itself." (ECF No. 69 at 4.) However, in *Phillips*, the Court found that it was "not necessarily contradictory for an insured to argue that the plain language of the policy supports his position on coverage, or, in the alternative, that the policy language is ambiguous and should be construed in his favor." *Phillips*, 2012 WL 135705, at *4. Furthermore, even where a contract's language may initially appear unambiguous, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is susceptible. *First Nat'l Mortgage. Co. v. Federal Realty Investment Trust,* 631 F.3d 1058, 1067 (9th Cir. 2010) (citations omitted).

Most courts also permit discovery regarding other lawsuits and claims involving the identical policy provisions. *Phillips*, 2012 WL 135705, at *5 (citing *Sunnen Products Co. v. Travelers Cas. and Sur. Co.,* 2010 WL 743633, at *2; *Transcap Associates, Inc. v. Euler Hermes American Credit Indemnity Co.,* 2009 WL 1543857. *2 (N. D. Ill. 2009); *Young v. Liberty Mut. Ins. Co.,* 1999 WL 301688; *Leski v. Federal Ins. Co.,* 129 F.R.D. 99, 104 (D.N.J. 1989); and *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.,* 135 F.R.D. 101, 106-07 (D. N. J.1990)). Such information "may show that identical language has been

afforded various interpretations by the insurer" and "could undermine the insurer's position that the language in question is clear and unambiguous." *Id.* (citing *Nestle,* 135 F.R.D. at 106-07. Therefore, the Court finds that the RFPs do seek documents relevant to the claims and defenses in this case. *Oppenheimer*, 437 U.S. at 351 (citation omitted); *Surfvivor,* 406 F.3d at 635.

### 2.   Proportionality

Having found that the RFPs seek relevant information, the Court will now address proportionality. Geico first argues that responding to the RFPs would be unduly burdensome because "Geico does not possess a means to quickly and meaningfully identify which claims, if any, were subjected to an Exclusion 4. denial." (ECF No. 69 at 2-3.) Geico next argues the RFPs, as fashioned, are overbroad because they would require the "disclosure of all denials, whether they reflect a denial of *coverage* versus the loss being disclaimed as it was not a covered loss under the respective policy." (ECF No. 69 at 3, n.3 (emphasis original).)

The responding party has the burden of demonstrating that a request for similar claim information is unduly burdensome. *Phillips*, 2012 WL 135705, at *14 (citing *Pham v. Wal-Mart Stores, Inc.* 2011 WL 5508832, *4 (D. Nev. Nov. 9, 2011)). The fact that production of documents will be time consuming and expensive is not ordinarily a sufficient reason to grant a protective order if the requested material is relevant and necessary to the discovery of admissible evidence. *Pham*, 2011 WL 5508832, at *4 (citing *In re Toys "R" Us—Delaware, Inc. Litigation,* 2010 WL 4942645, *6 (C. D. Cal. 2010)). In this case, NAC 686.675(1) explicitly requires that all denial letter be retained in the insurer's claim file. Thus, Geico is legally required to maintain all denial letters. Even though Geico argues repeatedly that finding the responsive denial letters would take hundreds or thousands of hours, a party cannot rely on an inadequate records keeping system as an excuse for not locating and producing relevant information regarding other claims or lawsuits. *Pham,* 2011 WL 5508832*,* at *4 (citing *Thomas v. Cate,* 715 F.Supp.2d 1012, 1033–34 (E.D. Cal. 2010)).

However, courts have recognized that discovery regarding other similar claims or lawsuits may be burdensome and have therefore imposed limits on the scope, time frame or number of other similar claims to be produced. *See Nestle,* 135 F.R.D. at 107; *Sunnen*, 2010 WL 743633, at *2; *Transcap,* 2009 WL 1543857, at *2; *Young,* 1999 WL 301688, at *6. The courts in *Nestle, Sunnen* and *Young* limited the production to the ten earliest and ten most recent claims for a particular time period. A few decisions have denied other claim discovery on the grounds that the burden of the discovery outweighs its probative value. *Leski v. Federal Ins. Co.,* 129 F.R.D. at 106; *Champion Intern. Corp. v. Liberty Mut. Ins. Co.,* 1989 WL 299156 (S.D.N.Y. 1989) (denying motion to compel because plaintiff did not adequately define the scope of requested "similar" claims).

In this case, the Court finds that although the RFPs are drafted with a degree of specificity, some limitations on the RFPs are necessary to ensure the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). First, as currently written, the RFPs seek information beginning on January 1, 2021, through the present. (ECF No. 68-1.) However, the damage to the Trailer was not reported to Geico until May 2023 and the denial letter was not sent until March 2024. (ECF No. 1-1 at 5.) Thus, to limit the burden on Geico to produce the documents while maintaining the relevancy of the documents, the Court finds the time frame of the RFPs should be narrowed temporally from January 1, 2023, through December 31, 2025.

Next, the Court will address Geico's concern that the RFPs seek production of all denial letters, regardless of whether they reflect a denial of coverage versus the loss being disclaimed as not covered. (ECF No. 69 at 3, n.3.) Here, the Court also finds that the scope of the RFPs should be limited to the production of denial letters where the loss was disclaimed as not a covered loss. The Court finds that these limitations on timeframe and scope are sufficient to ensure the burden or expense of responding to the RFPs will not outweigh the likely benefit of the requested documents. Fed. R. Civ. P. 26(b)(1).

///

///

### 3.   Attorney-Client Privilege and Attorney Work Product Doctrine

Finally, the Court will address Geico's objections on the basis of attorney-client privilege and the attorney work product doctrine. Geico states that these privileges were asserted "to preserve any potentially privileged information that is contained in these as-yet-to-be-determined claim files." (ECF No. 69 at 2.) This statement, by itself, is insufficient to support an objection that the RFPs seek privileged documents.

However, the Court will permit counsel for Geico to redact portions of each claim files which counsel reasonably believes are privileged. Geico shall provide a privilege log which fully complies with the requirements of Rule 26(b)(5) with respect to any information withheld on the basis of privilege.

## IV.   CONCLUSION

As explained herein, Zive's motion regarding discovery dispute is granted in part and denied in part. The motion is denied to the extent that the timeframe of the RFPs are limited to January 1, 2023, through December 31, 2025, and the scope of the RFPs are limited to the production of denial letters where the loss was disclaimed as not a covered loss. The motion is granted to the extent that Geico is ordered to comply with the RFPs as modified.

Geico requests that should the Court grant Zive's motion, Geico be allowed to file a motion for protective order over these documents. (ECF No. 69 at 5.) To allow for such a filing, but without unnecessarily delaying the discovery process, the deadline for Geico to file a motion for protective order is **Monday, March 2, 2026**.[2] If such a motion is filed, the deadline to produce documents responsive to the RFPs will be stayed pending resolution of the motion. If no motion for protective order is filed, Geico must produce documents responsive to the modified RFPs on or before **Monday, March 30, 2026**.

**IT IS THEREFORE ORDERED** that Zive's motion regarding discovery dispute, (ECF No. 68), is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

---

[2]   Geico is warned the Court will be displeased to receive a motion for protective order asserting the same arguments as already addressed in this herein.

**IT IS FURTHER ORDERED** that the deadline for Geico to file a motion for protective order is **Monday, March 2, 2026**.

**IT IS FURTHER ORDERED** that if no motion for protective order is filed, Geico must produce documents responsive to Zive's RFPs, as modified by this order, on or before **Monday, March 30, 2026.**

**IT IS SO ORDERED**.

**DATED**: February 13, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**