UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANGELA ZIVE; et al.,

                                Plaintiffs,

          v.

GEICO ADVANTAGE INS. CO.; et al.,

                                Defendants.

Case No. 3:24-cv-00424-ART-CLB

ORDER

Plaintiffs Angela and Justin Zive ("Zives") purchased Defendant Geico Advantage's ("Geico") insurance for their trailer. The trailer suffered water damage due to negligently applied or deteriorated roof sealant that allowed water intrusion. Geico subsequently denied the Zives' claim, citing the mechanical failure exception in the Zives' insurance policy. The Zives sued for breach of contract, bad faith, and violation of the Nevada Unfair Trade Practices Act. (ECF No. 1-1.) The Zives moved for partial summary judgment on their breach of contract claim, contending that the mechanical failure exclusion does not apply to a roof sealant breakdown. (ECF No. 38.) For the reasons stated below, the Court denies the Zives' partial motion for summary judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Zives own a Logan trailer insured by a policy purchased from Defendant Geico. (ECF Nos. 1-1 at 4; 44 at 3.) The Zives reported water damage to the trailer to Geico in May 2023. (ECF Nos. 1-1 at 4; 44 at 2.) In June 2023, the Zives informed Geico that the trailer might be under warranty. (ECF Nos. 1-1 at 5; 44 at 6.) The Zives arranged for Logan Coach, the manufacturer, to retrieve the trailer and transport it to its facility for possible warranty repairs. (*Id.*)

In March 2024, after the Zives reopened their insurance claim, Geico sent an appraiser to inspect the trailer. (*Id.*) Geico also used the estimate and photographs from Logan Coach for the inspection. (ECF No. 44 at 6.) Around two weeks later, Geico sent the Zives a letter denying the claim because it deemed the

water damage caused by the faulty sealant a mechanical failure not covered by the policy. (ECF Nos. 1-1 at 5–6; 44 at 6.) The policy stated, "There is no coverage for loss caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft." (ECF Nos. 1-1 at 5–6; 44 at 5.)

The Zives sued in state court and Geico removed to federal court. (ECF No. 1.) The Zives allege claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith under Nevada Unfair Trade Practice Act. (ECF No. 1-1.) The Zives subsequently moved for partial summary judgment on their breach of contract claim. (ECF No. 38.) Geico responded (ECF No. 44), and the Zives replied. (ECF No. 53.) Geico also objected to the Zives' evidence submitted in support of their partial summary judgment motion. (ECF No. 41.) The Zives responded to this objection. (ECF No. 52.)

## II.   LEGAL STANDARD

### A. Motion for Summary Judgment

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views the evidence and reasonable inferences in the light most

favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.,* 523 F.3d 915, 920 (9th Cir. 2008).

In contrast, when the nonmoving party bears the burden of proving a claim or defense, the moving party may satisfy its burden by either (1) producing evidence that negates an essential element of the non-moving party's claim or defense, or (2) showing that the nonmoving party lacks sufficient evidence to establish an essential element on which it will bear the burden of proof at trial. *See Celotex Corp.,* 477 U.S. at 323–24. If the moving party fails to meet this initial burden, the Court does not need to consider the nonmoving party's evidence and summary judgment must be denied. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159–60 (1970).

## III.   DISCUSSION

### A. Admissibility of Exhibits

In support of their partial summary judgment motion, the Zives attached the following two documents: (1) Geico's claim file, and (2) a certified copy of the Geico Insurance Policy. (ECF Nos. 38; 38-1; 38-2.) In response, Geico argues that these exhibits are inadmissible, specifically because the documents are unauthenticated, hearsay, or lack an appropriate foundation. (ECF Nos. 41; 44 at 2.)

At the summary judgment stage, the Court may consider "evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Co., LLC v. Jim Beam Brands Co.,* 828 F.3d 1098, 1110 (9th Cir. 2016); *see also Sandoval v. Cnty. of San Diego,* 985 F.3d 657, 665–66 (9th Cir. 2021) (rejecting relevance, hearsay, and foundation evidentiary objections at summary judgment and noting that "[i]f the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document—the mere fact that the document itself might be excludable

hearsay provides no basis for refusing to consider it on summary judgment").

In support of its objection, Geico solely cites cases published prior to the 2010 and 2021 amendments to the Federal Rules of Civil Procedure. (ECF No. 41.) However, the Ninth Circuit, in applying the current rules, held that "[c]ourts must now consider unauthenticated evidence at summary judgment if the evidence can 'be presented in a *form* that would be admissible' at trial." *Harlow v. Chaffey Cmty. Coll. Dist.*, No. 21-55349, 2022 WL 4077103, at *1 (9th Cir. Sept. 6, 2022) (quoting FED. R. CIV. P. 56(c)(2)). In their response to Geico's objection, the Zives assert that the Geico claim file and insurance policy will be in an admissible form at trial and are thus admissible for summary judgment. (ECF No. 52 at 6.) Geico does not argue that the Zives' evidence cannot be submitted in an admissible form at trial.

Additionally, Geico itself has authenticated the pertinent portions of the claims file, as well as the insurance policy, in its response to the Zives' partial summary judgment motion. (ECF No. 46.) Accordingly, Geico's evidentiary objection is overruled.

### B. Breach of Contract

The Zives allege that Geico breached the insurance contract when it refused to cover the water damage to the trailer, instead finding that roof sealant breakdown, which Geico contends falls within a mechanical failure coverage exclusion, caused the damage. (ECF No. 38 at 2.) In response, Geico argues that the roof sealant breakdown is the true cause of the damage, and such a breakdown falls squarely within the unambiguous language of the mechanical failure exclusion.  (ECF No. 44 at 8–10.)

"In Nevada, insurance policies [are] treated like other contracts, and thus, legal principles applicable to contracts generally are applicable to insurance policies." *Century Sur. Co. v. Andrew*, 432 P.3d 180, 183 (Nev. 2018). A breach of contract claim in Nevada requires (1) formation of a valid contract, (2)

performance or excuse of performance by the plaintiff, (3) material breach by the defendant, and (4) damages as a result of the breach. *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). Failure to cover an event that is covered under an insurance policy constitutes a breach of contract under Nevada law. *See Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1239 (Nev. 2011). Only the third element—whether Geico's refusal to provide coverage for the damage to the trailer is material breach—is in dispute here.

In Nevada, contractual construction is a question of law and thus "suitable for determination by summary judgment." *Ellison v. Cal. State Auto. Ass'n*, 797 P.2d 975, 977 (1990). "'At [the] summary-judgment stage' in an insurance case, 'the insured must provide the existence of any potential for coverage, while the insurer must establish the absence of any such potential.'" *Miranda v. State Farm Gen. Ins. Co.*, 788 F. Supp. 3d 1120 (D. Nev. 2025) (quoting *Reese v. Travelers Ins. Co.*, 129 F.3d 1056, 1060 (9th Cir. 1997) (cleaned up)).

The Geico Insurance Policy indicates that Geico will pay for loss caused by "water," among other things ("Covered Peril Provision"). (ECF Nos. 38 at 5; 44 at 4.) The exclusions section of the Policy states that "[t]here is no coverage for loss caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft" ("Mechanical Failure Exclusion"). (ECF Nos. 38-2 at 27; 44 at 5.) The term "mechanical" is not defined in the insurance policy.

### 1. Whether the Zives' Claim is Covered

The parties do not argue over the interpretation of the Covered Peril Provision, and instead dispute whether the loss was caused by water. The Zives argue that water intrusion, made possible by roof sealant breakdown, caused the water and mold damage to the trailer. (ECF No. 38 at 5–6.) In response, Geico argues that the roof sealant breakdown was the real cause of the water and mold damage sustained by the trailer. (ECF No. 44 at 9.)

"Under the doctrine of efficient proximate cause, where covered and noncovered perils contribute to a loss, the peril that set in motion the chain of events leading to the loss or the 'predominating cause' is deemed the efficient proximate cause or legal cause of loss." *Fourth St. Place*, 270 P.3d at 1243–44 (citing *Pioneer Chlor Alkali v. National Union Fire Ins. Co.*, 863 F. Supp. 1226, 1230–32 (D. Nev. 1994)). "Generally, this determination is left to the trier of fact, but when the facts are settled or undisputed, the determination is for the court as a matter of law." *Id.* at 1243–44. "The court then evaluates the coverage of an insurance policy based on the determined efficient proximate cause of the loss. *Id.* at 1244 (citing *Pioneer Chlor Alkali,* 863 F. Supp. at 1230).

According to the Zives, damage to the trailer was indisputably caused by water, as evidenced by the Geico claims file. (ECF No. 38 at 5–6.) Specifically, the Zives point to the inspection report of a Geico claims adjustor who described the loss as "complete water damage" (ECF No. 38-1 at 36–38), and a supplemental report listing the damage as "water damage." (ECF No. 38-1 at 79–81.) They contend that this evidence conclusively establishes that the efficient proximate cause of the loss of the trailer was water.

However, Geico has introduced evidence showing some dispute as to causation. Specifically, Geico introduced records showing that the roof seal was already replaced by Logan Coach before the Zives reopened their property damage claim with Geico. (ECF No. 46-8 at 6.) Prior to the Zives reopening their property damage claim, Geico did not have the opportunity to inspect the trailer and Logan Coach did not have photographs of the roof before it was repaired. (ECF No. 46 at 2.) Additionally, the Geico supplemental report also listed the breakdown of the roof seal as a cause of the loss. (ECF No. 46-8 at 6.)

Though the evidence is thin, the Court finds that Geico has introduced sufficient evidence of a dispute of material fact as to causation to avoid summary judgment. The Court, accordingly, will leave this determination to the trier of fact.

### 2. Whether the Mechanical Failure Exclusion Applies

The Zives next argue that the Mechanical Failure Exclusion does not unambiguously apply to the loss of the trailer. (ECF No. 38 at 6–10.) In response, Geico contends that the Mechanical Failure Exclusion clearly includes roof sealant breakdown, supported by the fact that the roof sealant was applied to the trailer using mechanical equipment. (ECF No. 44 at 9–10.)

"Because ambiguities must be interpreted against the insurer, if an insurer wishes to exclude coverage by virtue of an exclusion in its policy, it must (1) write the exclusion in obvious and unambiguous language in the policy, (2) establish that the interpretation excluding covering under the exclusion is the only interpretation of the exclusion that could fairly be made, and (3) establish that the exclusion clearly applies to this particular case." *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 674 (Nev. 2011). Courts must also "narrowly construe any clauses that exclude coverage." *Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Ins. Co.,* 536 P.3d 915, 922 (2023).

The Zives do not argue that the Mechanical Failure Exclusion is ambiguous, and other courts have found similar policy exclusions unambiguous. *See e.g., Soil Remediation of Philidelphia v. Eclipse Combustion,* No. CIV. A. 95-591, 1995 WL 590176 (E.D. Pa. Oct. 5, 1995); *D.L. Lee & Sons, Inc. v. Netherlands Ins. Co.,* No. 1:07-CV-761-WSD, 2008 WL 11334079 (N.D. Ga. June 25, 2008); *Lake Charles Harbor & Terminal Dist. v. Imperial Cas. & Indem. Co.*, 670 F. Supp. 189, 192 (W.D. La. 1987), *aff'd and remanded,* 857 F.2d 286 (5th Cir. 1988).

Because the Zives do not argue that the Mechanical Failure Exclusion is ambiguous, the Court next addresses the applicability of the exclusion, construing it based on plain meaning. The Zives argue that a mechanical failure is limited to the breakdown of machinery, which does not extend to the deterioration or negligent application of roof sealant. (ECF No. 38 at 5.) Geico argues that under industry standards, the roof sealant breakdown or failure is a

mechanical failure, using an expert report from engineer Daniel Grant. (ECF No. 44 at 10.)

To the Court's knowledge, this appears to be an issue of first impression in Nevada, a point on which the parties seem to agree. Because this action is based on diversity jurisdiction, the Court is bound to apply the substantive law of Nevada. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). However, when federal courts confront a state law issue without binding precedent, they must "predict how the state's highest court would decide" the question. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007).

Under Nevada law, "an insurance policy should 'be read as a whole,' and its 'language should be analyzed from the perspective of one untrained in law or in the insurance business.'" *Fourth St. Place*, 270 P.3d at 1239 (quoting *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986)). "Policy terms should be viewed in their plain, ordinary and popular connotations." *Id.* "If a provision in an insurance contract is unambiguous, a court will interpret and enforce it according to the plain and ordinary meaning of its terms." *Powell*, 252 P.3d at 672 (citing *Farmers Ins. Exch. v. Neal*, 64 P.3d 472, 473 (Nev. 2003)).

In predicting how the Nevada Supreme Court would decide a substantive issue, the Court "may be aided by looking to well-reasoned decisions from other jurisdictions." *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir. 1980). As to this issue, case law from numerous jurisdictions supports the Zives' interpretation. *See e.g., Coelsch v. State Farm Fire & Cas. Co.,* 298 Or. App. 207, 212, 445 P.3d 899, 902 (2019) (defining mechanical as "relating to, or concerned with machinery" and breakdown as "machinery becoming inoperative through breakage or wear" (citing *Webster's Third New Int'l Dictionary* 1400 (unabridged ed. 2002))); *Nat'l Invs. Fire & Cas. Co. v. Preddy*, 248 Ark. 320, 322, 451 S.W.2d 457, 458 (1970) (finding common usage of the term "mechanical

breakdown" to mean a "functional defect in the moving parts of the equipment which causes the latter to cease functioning or to function improperly"); *Lake Charles Harbor & Terminal Dist.*, 670 F. Supp. 189 at 192 (finding same); *Infinity Cnty. Mut. Ins. Co. v. Tatsch*, 617 S.W.3d 614, 620 (Tex. App. 2020) (finding that for the mechanical breakdown exclusion to apply, the damage "must have resulted from or been caused by some machine not working properly"); *Standard Structural Steel Co. v. Bethlehem Steel Corp.*, 597 F. Supp. 164, 196–97 (D. Conn. 1984) (defining "mechanical breakdown" as a "fault in the working mechanism of the machinery" (citations omitted)); *Connie's Const. Co. v. Cont'l W. Ins. Co.*, 227 N.W.2d 204, 207 (Iowa 1975).

The weight of authority from other jurisdictions disfavors application of the Mechanical Failure Exclusion in this case. Because this issue presents a question of first impression in Nevada, this Court predicts that the Nevada Supreme Court would find the reasoning of the numerous authorities cited above persuasive. Additionally, under Nevada law, clauses that exclude coverage are interpreted narrowly against the insurer. *Deutsche Bank Nat'l Tr. Co.*, 536 P.3d at 922. Accordingly, the Court finds that the Nevada Supreme Court would likely find the Mechanical Failure Exclusion does not include roof sealant breakdown. However, because there is a genuine dispute of material fact as to causation precluding summary judgment on the Zives' breach of contract claim, the Court need not decide the issue at this juncture.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED THAT the Zives' partial motion for summary judgment is DENIED. (ECF No. 38.)

DATED THIS 20th day of February 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

10